UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ZAR EL JAVON-MARTISE THOMAS BEY, pro pria persona authorized representative for ZAR EL THOMAS BEY/JAVON M THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BRIAN MOYNIHAN/CEO, ALASTAIR BORTHWICK/CFO, JOHN POWNELL/Director, THE BANK OF NEW YORK MELLON TRUST COMPANY, and KAREN YU/Trustee,<br><br>Defendants. | Case No. 25-CV-2751 (NEB/EMB)<br><br><br>ORDER ON REPORT AND RECOMMENDATION AND MOTION TO DISMISS |

*Pro se* plaintiff Zar EL Javon-Martise Thomas Bey asserts that Defendants—the Bank of America, Brian Moynihan, and Alastair Borthwick ("Bank of America Defendants") and the Bank of New York Mellon Trust Company, John Pownell, and Karen Yu ("Service Defendants")—violated federal securities law. United States Magistrate Judge Elsa Bullard recommends dismissing Service Defendants for lack of service (ECF No. 17) and Bank of America Defendants move to dismiss the entire action (ECF No. 6). The Court accepts the Report and Recommendation and grants the motion.

## BACKGROUND

Taking the allegations in the complaint as true,[1] *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014), Bey alleges that he applied for two Bank of America credit cards and executed a promissory note. (ECF No. 1 ("Compl.") ¶ 1.) The Bank denied his applications because of his Consumer Report. (Compl. ¶ 4.) Then the Bank "securitized" his applications, gifted them to the Federal Reserve, and "traded [them] on the secondary market to collect dividends." (Compl. ¶ 5.)

Bey asserts five claims and requests millions of dollars. (Compl. ¶¶ 46–53.) The complaint also appears to consider imprisoning Defendants. (Compl. ¶ 46.) Judge Bullard recommends dismissing claims against Service Defendants for lack of service. (ECF No. 17.) Bank of America Defendants move to dismiss. (ECF No. 6.)[2]

## ANALYSIS

I. **Report and Recommendation**

About a month after the deadline to serve Defendants, Judge Bullard ordered Bey to file proof of service. (ECF No. 13.) Bey never filed proof of service on the Service

---

[1] The allegations in the complaint are difficult to follow, but the Court does its best to understand the allegations and construe them in the light most favorable to Bey.

[2] The Court considers Bey's memorandum in opposition to the motion to dismiss, even though it was filed 25 days late. (ECF No. 14.)

Defendants, so Judge Bullard recommends dismissing those Defendants without prejudice. (ECF No. 17.) No party has objected to the recommendation, so the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Court accepts the Report and Recommendation (ECF No. 17).

II.   **Motion to Dismiss**

Separately, the Defendants moved to dismiss. The Court must dismiss a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).[3] The Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Smithrud*, 746 F.3d at 397. *Pro se* litigants are held to a less stringent standard, but the complaint "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R- 1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted). The Court will dismiss the complaint because its legal conclusions are unsupported by factual allegations.

---

[3] Bank of America Defendants ask that the Court dismiss the action as to Defendants Brian Moyinhan and Alastair Borthwick *with prejudice* for lack of personal jurisdiction. However, such dismissals are typically without prejudice. *E.g.*, *Lexion Med., LLC v. SurgiQuest, Inc.*, 8 F. Supp. 3d 1122, 1130 (D. Minn. 2014). The Court thus declines to adjudicate personal jurisdiction as to some defendants and instead dismisses the complaint as to all Bank of America Defendants for failure to state a claim. *See Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012).

Two of Bey's claims allege that Defendants violated various agreements, (Compl. ¶¶ 11–13, 35–44), but Bey fails to plausibly allege that he entered into any agreements, the contents of the agreements, or a material breach.[4]

Bey also asserts a violation of federal securities law. (Compl. ¶¶ 14–21.) This claim is premised on Bey being an investor, the owner of securities, and entitled to dividends. But the complaint does not explain how the credit card applications or promissory note led to him being an investor or owner of securities. Nor does the claim identify which provision of the statute Defendants violated, or how Defendants violated it.

Next, Bey asserts a violation of the Truth in Lending Act. (Compl. ¶¶ 22–32.) Again, Bey fails to cite the specific provision of TILA that Defendants allegedly violated, and he fails to connect the factual allegations to the statute. He also does not explain how he was damaged by a TILA violation or how the violation proximately caused his injury. *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 916–17 (8th Cir. 2000).

Finally, Bey alleges violations of the Consumer Rights Act. (Compl. ¶¶ 33–34.) But, aside from threadbare legal conclusions, Bey fails to specify how his rights as a consumer were violated.

---

[4] Bey repeatedly asserts he can produce relevant documents to support his claims during discovery, (ECF No. 14 at 6, 7), but that does not override Bey's burden to state a claim upon which relief can be granted at this stage of litigation.

On the whole, the factual allegations in this complaint are opaque and confusing. To the extent the Court can make out the allegations, they do not state a claim. The Court dismisses the complaint.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 17) is ACCEPTED;

2. Bank of America Defendants' Motion to Dismiss (ECF No. 6) is GRANTED; and

3. The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 15, 2025               BY THE COURT:

                                                                                        s/Nancy E. Brasel
                                                                                        Nancy E. Brasel
                                                                                       United States District Judge